12287.   PAYNE, agent, *v.* LYON.

STEPHENS, J.   1.   This being a suit against Walker D. Hines, Director-General of Railroads of the United States, and the court having allowed the sheriff to amend his return of service so as to make it appear that service had been perfected upon Walker D. Hines, Director-General of Railroads of the United States, even though this was done after the plaintiff had amended his petition by substituting for Walker D. Hines, Director-General of Railroads of the United States, as defendant, John Barton Payne as agent, the court did not err in overruling the motion of Walker D. Hines, Director-General of Railroads of the United States, to dismiss the petition upon the ground that it failed to show service upon the movant.

2. There was no error in overruling the general and special demurrers to the petition.

3. In a suit against a railroad company by one alleged to have received personal injuries as a result of being thrown from a moving train that had run into rock and dirt which it was alleged the defendant company had negligently allowed to accumulate on the track upon which the train was running, and where the trial judge in his charge to the jury instructed them that if it was impossible for the presence of the rock and dirt upon the track to have been discovered, and if the jury should believe that it was on the track as alleged and that the plaintiff's injuries were caused thereby, the defendant would not be liable for such injury, it was not error for the court to fail to charge that no liability would rest upon the defendant if the damage to the plaintiff was caused by an accident for which no one would be liable or from an act of God.

4. There being evidence to authorize the inference that the plaintiff was injured by the negligence of servants of the defendant, that his injuries were permanent, and that his earning capacity had been diminished, the court did not err in submitting these questions to the jury; nor did the court err in allowing the Carlisle mortality tables to be introduced in evidence.

5. The court did not err in admitting certain testimony, which, even if erroneous as contended, could not have prejudiced the plaintiff in error with the jury.

6. The court did not abuse its discretion, and its action was not prejudicial to the plaintiff in error, in allowing a witness to testify who had remained in the court-room after the witnesses had been segregated.

7. In view of the evidence as to the extent of the plaintiff's injuries, and the inferences which the jury might draw as to their permanent nature, this court can not hold that the verdict of $9,500 was excessive.

8. None of the grounds of the amendment to the motion for a new trial are meritorious. The evidence authorized the verdict rendered for the plaintiff, and the court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., concurs. Hill, J., absent on account of illness.*

DECIDED FEBRUARY 22, 1922.

Action for damages; from Cobb superior court — Judge Searcy presiding. February 5, 1921.

Certiorari was granted by the Supreme Court.

*Tye, Peeples & Tye, Clay & Blair,* for plaintiff in error.

*Mozley & Gann, Morris & Hawkins,* contra.